IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Taras Kalush, | ) |
|        Petitioner, | ) ) ) |
| v. | ) ) ) Case No. 23-cv-2316 |
| Zoriana Kalush, | ) ) |
|        Respondent. | ) |

**PETITION FOR RETURN OF MINOR CHILD
UNDER THE HAGUE CONVENTION**

1. This is a petition for the return of a minor child pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (the "Hague Convention,"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011 (formerly located at 42 U.S.C. §§ 11601-11611). Plaintiff/Petitioner Taras Kalush respectfully states as follows:

**Introduction**

2. Taras Kalush ("Petitioner") is a resident of Ukraine. He is the father to a minor child K.K., born 2018 ("the Child").[1] The Child's mother, Zoriana Kalush ("Respondent") has wrongfully abducted the Child to the United States within the Northern District of Illinois without Petitioner's consent and in violation of his lawful custody rights under the laws of Ukraine and the Hague Convention.

---

[1] The Child is identified herein by her initials and year of birth only, pursuant to Fed. R. Civ. P. 5.2.

1

69850243;4

3. Petitioner files this Petition pursuant to the Hague Convention and ICARA. The Hague Convention came into effect in the United States of America on July 1, 1988, and it has been ratified between the United States of America and Ukraine, among other Contracting States.

4. The objects of the Hague Convention are, under Article 1(a), to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and, under Article 1(b), to ensure that rights of custody and of access under the laws of one Contracting State are effectively respected in other Contracting States.

5. The Hague Convention, under Article 16, authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child. It does not permit the district court to consider the merits of an underlying custody dispute.

6. The Hague Convention's states that "children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned." 22 U.S.C. § 9001(a)(4).

**Jurisdiction and Venue**

7. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction). The Court has personal jurisdiction because Respondent and the Child are believed to be present and residing in this State and District.

8. Venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. § 1391(b) because Respondent is believed to be wrongfully retaining the Child at or near 25133 N Abbey Glenn Dr., Hawthorn Woods, Illinois in Lake County.

9. Petitioner does not, by bringing this Petition, consent to jurisdiction in the United States for any purpose other than the resolution of this Petition.

**Statement of Facts**

10. Petitioner and Respondent are the natural parents of the Child.

11. Petitioner resides in Ternopil, Ukraine.

12. The Child was born February 8, 2018, in the city of Ternopil, Ternopil region, Ukraine.

13. Petitioner and Respondent were previously married in 2014, having divorced February 11, 2021.

14. Article 15 of the Law of Ukraine "On the Protection of Childhood" states that a child who lives separately from his/her parents or one of them has the right to maintain regular personal relations and direct contacts with them. Parents who live separately from the child are obliged to participate in the upbringing and have the right to communicate with the child, if the court declares that such communication will not interfere with the normal upbringing of the child.

15. According to Art. 11 of the Law of Ukraine "On the Protection of Childhood", the father and the mother have equal rights and responsibilities towards their children. The main concern and the main duty of parents is to ensure the interests of their child.

16. Art. 141 of the Family Code of Ukraine determines that the mother and father have equal rights and responsibilities towards the child, regardless of whether they were married to each other. The divorce between the parents, their separate living from the child does not affect the extent of their rights and does not release them from their obligations towards the child.

17. Article 157 of the Family Code of Ukraine stipulates that the parent who lives separately from the child is obliged to participate in his/her upbringing and has the right to personal communication with him/her.

18. Pursuant to Ukrainian law, the Baikivtsi Village Council of Ternopil District, Ternopil Region issued its Decision, after a proceeding in which both parents participated, entered

a decision allocating weekly, holiday, birthday, and annual trip parenting time between Petitioner and Respondent while K.K. resided with Respondent.

19. On February 24, 2022, the Russian Federation attacked Ukraine. That same day, Petitioner granted permission to Respondent to temporarily leave Ukraine with K.K. to the specifically enumerated countries of the Republic of Poland, the Slovak Republic, Hungary, Romania and other countries of the Schengen Agreement and the European Union.

20. Respondent, without authorization or notice to Petitioner, wrongfully removed the Child from the European Union, contrary to the parties' agreement, on or about April 14, 2022.

21. Upon information and belief, Respondent forged one or more documents falsely indicating that Petitioner consented to the removal of K.K. from the agreed territories.

22. Following the abduction of the Child, Respondent has prevented contact between Petitioner and the Child.

### Claim for Relief under the Hague Convention
### Respondent's Wrongful Retention of Child

23. The Child is currently five years old, and is subject to the Hague convention, which applies to children sixteen and younger.

24. As set forth above, Respondent wrongfully removed the Child to Illinois without Petitioner's consent and in violation of Petitioner's paternal rights.

25. Since then, Respondent has wrongfully retained the Child in the State of Illinois, United States, in violation of Article 3 of the Hague Convention.

26. Respondent's retention of the Child in the United States is wrongful, within the meaning of Article 3 of the Hague Convention, because:

    a. It is in violation of Petitioner's rights of custody as established by Ukrainian law.

    b.    At the time Respondent wrongfully removed the Child from Ukraine, Petitioner was actually exercising his parental rights within the meaning of the Hague's Articles 3 and 5, and, but for Respondent's wrongful seizure and retention of the Child, Petitioner would have continued to exercise those rights; and

    c.    Immediately before Respondent's wrongful removal and retention, the Child's habitual residence was Ukraine.

27.    Respondent is presently wrongfully retaining the Children in the United States, and the place of that wrongful retention is believed to be within the Northern District of Illinois.

28.    The "well-settled" defense of Article 12 cannot apply as this petition is brought less than one year from the date of wrongful removal.

29.    Petitioner has never acquiesced or consented within the meaning of Article 13 of the Hague Convention to Respondent's wrongful seizure and retention of the Child in the United States.

30.    As the Child is five, she is of an insufficient age for the "mature child" objection of Article 3 to apply.

31.    While the Child's residence in Ternopil, in the western region of Ukraine, has not been subject to ongoing fighting or Russian presence, Petitioner nonetheless realizes the realities of the ongoing war.  **Petitioner therefore requests that the resolution of this Petition be stayed until such time as conditions permit the safe return of K.K. to Ukraine.**

### Provisional Remedies
### 22 U.S.C. § 9004, and the Hague Convention's Article 16

32.    Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Child from the jurisdiction of this Court except to return the Child to Poland or elsewhere in the European Union as the parties may agree.

33. Petitioner requests an interim order (i) allowing access in the form of daily video telephone calls of at least one hour in length, and (ii) prohibiting each parent from disparaging one another.

## **Attorneys' Fees and Costs**

34. To date, Petitioner and his attorneys have incurred attorneys' fees and costs as a result of Respondent's wrongful retention of Child.

35. Consistent with 22 U.S.C. § 9007, Petitioner and his attorneys respectfully request that this Court award them all costs and fees, including transportation costs, they have incurred to date and incur hereafter.

## **Notice of Hearing**

36. Consistent with 22 U.S.C. § 9003(c), Respondent will be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings. See 750 ILCS 36/108(c); 735 ILCS 5/2-203.

6
69850243;4

## **RELIEF REQUESTED**

WHEREFORE, Petitioner prays for the following relief:

A.    An immediate temporary restraining order prohibiting Respondent and any person acting in concert with him from removing the Child from this Court's jurisdiction, except to return the child to the European Union,

B.    That this matter be stayed pending further developments in the ongoing war in Ukraine; and that when circumstances permit, the Child be returned to her habitual residence in Ternopil, Ukraine,

C.    That, alternatively, the Child be returned to European Union as the parties agreed prior to the child's abduction.

D.    An order, consistent with 22 U.S.C. § 9007, directing Respondent to pay Petitioner's expenses and costs, including transportation costs, reserving jurisdiction to determine such expenses and costs at a later time; and

E.    For any other just and appropriate relief.

/s/Timothy K. Sendek

Timothy K. Sendek
*Counsel for the Petitioner*
Akerman LLP
71 S. Wacker Drive, 47th Floor
Chicago, Illinois 60606
tim.sendek@akerman.com

69850243;4