## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Taras Kalush, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. 23-cv-2316 |
| Zoriana Kalush, | ) |
| Volodymyr Demchyshyn, | ) |
| and Hanna Demchyshyn | ) |
| | ) |
| Respondents. | ) |

## FIRST AMENDED PETITION FOR RETURN OF MINOR CHILD
## UNDER THE HAGUE CONVENTION

1.      This is a petition for the return of a minor child pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (the "Hague Convention,"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011 (formerly located at 42 U.S.C. §§ 11601-11611). Plaintiff/Petitioner Taras Kalush respectfully states as follows:

### Introduction

2.      Taras Kalush ("Taras" / "Petitioner") is a resident of Ukraine.  He is the father to a minor child K.K., born 2018 ("the Child").[1]  The Child's mother, Zoriana Kalush ("Zoriana") has wrongfully abducted the Child to the United States within the Northern District of Illinois with the knowing assistance of co-Respondents Volodymyr Demchyshyn and Hanna Demchyshyn ("the

---

[1] The Child is identified herein by her initials and year of birth only, pursuant to Fed. R. Civ. P. 5.2.

75413664;4

Demchyshyns") without Petitioner's consent and in violation of his lawful custody rights under the laws of Ukraine and the Hague Convention.

3.      Petitioner files this Petition pursuant to the Hague Convention and ICARA. The Hague Convention came into effect in the United States of America on July 1, 1988, and it has been ratified between the United States of America and Ukraine, among other Contracting States.

4.      The objects of the Hague Convention are, under Article 1(a), to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and, under Article 1(b), to ensure that rights of custody and of access under the laws of one Contracting State are effectively respected in other Contracting States.

5.      The Hague Convention, under Article 16, authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child. It does not permit the district court to consider the merits of an underlying custody dispute.

6.      The Hague Convention's states that "children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned." 22 U.S.C. § 9001(a)(4).

## Jurisdiction and Venue

7.      This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction). The Court has personal jurisdiction because all Respondents and the Child are believed to be present and residing in this State and District.

8.      Venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. § 1391(b) because Respondents are believed to be wrongfully retaining the Child at or near 25133 N Abbey Glenn Dr., Hawthorn Woods, Illinois in Lake County.

75413664;4

9.    Petitioner does not, by bringing this Petition, consent to jurisdiction in the United States for any purpose other than the resolution of this Petition.

## Statement of Facts

10.    Taras and Zoriana are the natural parents of the Child.

11.    Taras resides in Ternopil, Ukraine.

12.    The Child was born February 8, 2018, in the city of Ternopil, Ternopil region, Ukraine.

13.    Taras and Zoriana were previously married in 2014, having divorced February 11, 2021.

14.    Article 15 of the Law of Ukraine "On the Protection of Childhood" states that a child who lives separately from his/her parents or one of them has the right to maintain regular personal relations and direct contacts with them. Parents who live separately from the child are obliged to participate in the upbringing and have the right to communicate with the child, if the court declares that such communication will not interfere with the normal upbringing of the child.

15.    According to Art. 11 of the Law of Ukraine "On the Protection of Childhood", the father and the mother have equal rights and responsibilities towards their children. The main concern and the main duty of parents is to ensure the interests of their child.

16.    Art. 141 of the Family Code of Ukraine determines that the mother and father have equal rights and responsibilities towards the child, regardless of whether they were married to each other. The divorce between the parents, their separate living from the child does not affect the extent of their rights and does not release them from their obligations towards the child.

17.    Article 157 of the Family Code of Ukraine stipulates that the parent who lives separately from the child is obliged to participate in his/her upbringing and has the right to personal communication with him/her.

18.     Pursuant to Ukrainian law, the Baikivtsi Village Council of Ternopil District, Ternopil Region issued its Decision, after a proceeding in which both parents participated, entered a decision allocating weekly, holiday, birthday, and annual trip parenting time between Petitioner and Respondent while K.K. resided with Respondent.

19.     On February 24, 2022, the Russian Federation attacked Ukraine.  That same day, Taras granted permission to Zoriana to temporarily leave Ukraine with K.K. to the specifically enumerated countries of the Republic of Poland, the Slovak Republic, Hungary, Romania and other countries of the Schengen Agreement and the European Union.

20.     Zoriana, without authorization or notice to Taras Petitioner and with the cooperation and knowing assistance of the Demchyshyns (her parents) wrongfully removed the Child from the European Union, contrary to Taras and Zoriana's agreement, on or about April 14, 2022.

21.     Upon information and belief, Respondents forged one or more documents falsely indicating that Petitioner consented to the removal of K.K. from the agreed territories.

22.     Following the abduction of the Child, Respondents have prevented or frustrated contact between Taras and his Child.

     a.     From the time of the abduction of K.K., Respondents wrongfully concealed K.K. from Petitioner.

     b.     Concealment of a minor child from a parent is an act of child abuse under Illinois statues.

     c.     Specifically, Respondents prevented all contact between K.K. and Taras from the time of the abduction until Taras sought an order of this court.

d. Zoriana's prior counsel stated, in writing, that she continued to prohibit communication as of at least April 21, 2023.

e. In June, 2023, Taras was finally permitted to speak to K.K. in a video call.

f. In that call, K.K. was visibly overjoyed to speak with her father at last.

g. However, from that point forward, Zoriana has engaged in ceaseless efforts to alienate K.K. from Taras, including,

    i. frequently not joining the Zoom meeting for scheduled calls,

    ii. pointing the camera at a blank ceiling in an empty room instead of permitting the calls (and laughing off camera when Taras calls out for his daughter),

    iii. turning off the sound and video from K.K.'s point of view so she is not aware that she is on a call with her father,

    iv. signaling to K.K. to recite a script stating she does not wish to speak to her father,

    v. and joining the calls with K.K., while preventing K.K. from hearing or seeing her father.

h. Respondents have alienated K.K. from her father by discouraging communication and speaking ill of him in front of K.K..

**<u>Claim for Relief under the Hague Convention</u>**
**<u>Respondent's Wrongful Retention of Child</u>**

23. The Child is currently six years old, and is subject to the Hague convention, which applies to children sixteen and younger.

24. As set forth above, Respondent wrongfully removed the Child to Illinois without Petitioner's consent and in violation of Petitioner's paternal rights.

25.     Since then, Respondent has wrongfully retained the Child in the State of Illinois, United States, in violation of Article 3 of the Hague Convention.

26.     Respondents' retention of the Child in the United States is wrongful, within the meaning of Article 3 of the Hague Convention, because:

    a.     It is in violation of Petitioner's rights of custody as established by Ukrainian law.

    b.     At the time Respondent wrongfully removed the Child from Ukraine, Petitioner was actually exercising his parental rights within the meaning of the Hague's Articles 3 and 5, and, but for Respondent's wrongful seizure and retention of the Child, Petitioner would have continued to exercise those rights; and

    c.     Immediately before Respondent's wrongful removal and retention, the Child's habitual residence was Ukraine.

27.     Respondent is presently wrongfully retaining the Children in the United States, and the place of that wrongful retention is believed to be within the Northern District of Illinois.

28.     The "well-settled" defense of Article 12 cannot apply as this petition is brought less than one year from the date of wrongful removal.

29.     Petitioner has never acquiesced or consented within the meaning of Article 13 of the Hague Convention to Respondent's wrongful seizure and retention of the Child in the United States.

30.     The Child is of an insufficient age for the "mature child" objection of Article 3 to apply.

31.     The Child's residence in Ternopil, in the western region of Ukraine has not been subject to ongoing fighting or Russian presence now or at any point during the Child's lifetime.

75413664;4

32.     Courts in the United States and the United Kingdom have recognized that Western Ukraine does not represent a "grave risk" of harm within the meaning of the Hague Convention and have ordered return of abducted Ukrainian children.

33.     Moreover, the Child has continued to be victimized by Respondent's alienation of the Child from Petitioner during her abduction.

34.     Accordingly, Petitioner seeks the immediate return of the Child.

### Provisional Remedies
### 22 U.S.C. § 9004, and the Hague Convention's Article 16

35.     The Court has entered several orders pursuant to 22 U.S.C. §9004, and the Petitioner requests that those orders remain in force and/or be modified from time to time as circumstances warrant.

### Attorneys' Fees and Costs

36.     To date, Petitioner and his attorneys have incurred attorneys' fees and costs as a result of Respondent's wrongful retention of Child.

37.     Consistent with 22 U.S.C. § 9007, Petitioner and his attorneys respectfully request that this Court award them all costs and fees, including transportation costs, they have incurred to date and incur hereafter.

### Notice of Hearing

38.     Consistent with 22 U.S.C. § 9003(c), Respondent will be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings. See 750 ILCS 36/108(c); 735 ILCS 5/2-203.

## RELIEF REQUESTED

WHEREFORE, Petitioner prays for the following relief:

A.      The Child be returned pursuant to 22 U.S.C. §9003(b),

B.      That, alternatively, the Child be returned to European Union as the parties agreed prior to the child's abduction,

C.      An order, consistent with 22 U.S.C. § 9007, directing Respondents to pay any and all costs recoverable including attorneys' fees and transportation costs, reserving jurisdiction to determine such expenses and costs at a later time; and

D.      For any other just and appropriate relief.

/s/Timothy Sendek

Timothy K. Sendek
*Counsel for the Petitioner*
Akerman LLP
71 S. Wacker Drive, 47th Floor
Chicago, Illinois 60606
tim.sendek@akerman.com

75413664;4