UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Taras Kalush, | ) | |
| | ) | |
| Petitioner, | ) | Hon. Matthew F. Kennelly |
| | ) | |
| v. | ) | |
| | ) | Case No. 23-cv-2316 |
| Zoriana Kalush, | ) | |
| | ) | |
| Respondent. | ) | |

**ANSWER TO THE FIRST AMENDED PETITION FOR RETURN OF MINOR CHILD UNDER THE HAGUE CONVENTION AND AFFIRMATIVE DEFENSES**

NOW COMES the Respondent, ZORIANA KALUSH (hereinafter "Respondent/Zoriana"), by and through her attorneys, The Law Offices of Fedor Kozlov, P.C., and as and for her Answer to the First Amended Petition for Return of Minor Child Under the Hague Convention and Affirmative Defenses states as follows:

1. Count I does not require any response because it is an introductory paragraph that simply restates the purpose of the complaint.

**Introduction**

2. Zoriana object to this compound allegation. However, she admits that Taras is the biological father if the minor child. Zorina further admits that Taras is a resident of Ukraine. Zoriana denies that she wrongfully abducted the United Sates. Zoriana also rejects an allegation that she violated the laws of Ukraine and the Hague Convention.

1

3. Count three does not require any response, as it restates the introductory statement of Count I of the complaint.

4. Zoriana objects to this count as it is extremely vague, speculative, and impossible to respond to. The Petitioner restates in this paragraph the "objects" of Article 1(a) and 1(b) of the Hague Convention. Petitioner does not specifically state as how these articles relevant to Zoriana. Furthermore, Zoriana denies any implications of wrongdoing for the purposes of the Hague Convention.

5. For the reasons stated above in paragraph four (4), Zoriana objects to this count as it is extremely vague, speculative, and impossible to respond to. The Petitioner restates in this paragraph Article 16 of the Hague Convention. Petitioner does not specifically state as how this article relevant to Zoriana. Zoriana denies any implications of wrongdoing for the purposes of the Hague Convention.

6. Once again, Petitioner simply restates some law with no specific statement of violation by Zoriana. Zoriana denies any implications of wrongdoing for the purposes of the Hague Convention.

## Jurisdiction and Venue

7. Zoriana admits that jurisdiction is proper.

8. Zoriana admits the venue is proper.

9. There is no need to answer paragraph 9.

## Alleged Facts

10. Zoriana admits allegations contained in paragraph 10 of the petition.

11. Zoriana admits allegations contained in paragraph 11 of the petition.

12. Zoriana admits allegations contained in paragraph 12 of the Petition.

13. Zoriana admits allegations contained in paragraph 13 of the Petition.

14. Petitioner makes a reference to Article 15 of the law of Ukraine and provides his own interpretation of the law. Petitioner does not provide any proof to support his statements. Petitioner also does not state how does Article 15 relates to the underlying litigation. Finally, Petitioner includes this allegation into his "Statement of Facts." Such uncorroborated interpretation of Ukrainian law cannot be a factual allegation, Therefore, Zoriana object to this whole paragraph as improper, vague, lacks of foundation and irrelevant.

15. Petitioner makes a reference to Article 11 of the law of Ukraine and provides his own interpretation of the law. Petitioner does not provide any proof to support his statements. Petitioner also does not state how does Article 11 relates to the underlying litigation. Finally, Petitioner includes this allegation into his "Statement of Facts." Such uncorroborated interpretation of Ukrainian law cannot be a factual allegation, Therefore, Zoriana object to this whole paragraph as improper, vague, lacks of foundation and irrelevant.

16. Petitioner makes a reference to Article 141 of the Family Code Ukraine and provides his own interpretation of the law. Petitioner does not provide any proof to support his statements. Petitioner also does not state how does this relates to the underlying litigation. Finally, Petitioner includes this allegation into his "Statement of Facts." Such uncorroborated interpretation of Ukrainian law cannot be a factual allegation, Therefore, Zoriana object to this whole paragraph as improper, vague, lack of foundation and irrelevant.

17. Petitioner makes a reference to Article 157 of the Family Code of Ukraine and once again provides his own interpretation of the law. Petitioner does not provide any proof to support his statements. Petitioner also does not state how this Article relates to the underlying litigation. Finally, Petitioner includes this allegation into his "Statement of Facts." Such uncorroborated interpretation of Ukrainian law cannot be a factual allegation, Therefore, Zoriana object to this whole paragraph as improper, vague, lack of foundation and irrelevant.

18. Petitioner makes and allegation that there was some type of Divorce Court Order entered in Ukraine that regulates relationship between the parties regarding the minor child. Once again, Petitioner did not attach any document to support his allegation. Contrary to the Petitioner's allegations, on October, 2021, Ternopil City District Court, in case No. 607/8958/21 determined that place of residence of minor child shall be with Zoriana. On July 15, 2022, Taras challenged such Court's decision and his petition was denied. Moreover, while the minor daughter was in Ukraine, Taras failed to exercise his visitation rights and failed to pay child support.

19. Zoriana admits that Taras gave her a consent to leave Ukraine due to Russia's invasion into Ukraine.

20. Zoriana denies allegations contained on paragraph 20.

21. Zoriana vehemently denies allegations contained in paragraph 21 and demands a strict proof thereof.

22. Zoriana denies allegations contained in paragraph 22.

4

**Claim for Relief under the Hague Convention Respondent's Wrongful Retention of the Child**

23. Zoriana admits to the child's age. Respondent's seeks clarification for the remainder of the allegation.

24. Zoriana denies allegations contained in paragraph 24.

25. Zoriana denies allegations contained in paragraph 25.

26. Zoriana denies allegations contained in paragraph 26. Just to the contrary of the Petitioner's allegations Zoriana has the legal custody of the child in accordance with the Ukrainian law – paragraph 26(a). Zoriana also denies allegations contained in paragraphs 26(b)-26(c).

27. Zoriana denies allegations contained in paragraph 27 of the Petition.

28. Without waiving any objections, Zoriana seeks clarification on the allegations of paragraph 28.

29. Zoriana denies allegations contained in paragraph 29 of the Petition.

30. Zoriana admits allegations in paragraph 30 of the Petition.

31. Zoriana denies allegations contained in paragraph 31 of the Petition. In accordance with the Ukrainian law child's residence is with Zoriana. Zoriana denies allegations contained in paragraph 32 of the Petition. The Petitioner Zoriana denies allegations contained in paragraph 32 of the Petition. The Petitioner admitted an ongoing was in Ukraine. Specifically, the City of Ternopil is under daily sever attacks.

32. Zoriana denies allegations contained in paragraph 32 of the Petition. The Petitioner admitted an ongoing was in Ukraine. Specifically, the City of Ternopil is under daily sever attacks.

33. Zoriana denies allegations contained in paragraph 33 pf the Petition.

34. Zoriana denies allegations contained in paragraph 34 of the Petition.

35. No response in need to paragraph 35.

36. Zoriana denies allegations contained in paragraph 36 of the Petition.

37. Zoriana denies allegations contained in paragraph 37 of the Petition.

38. No response is required to paragraph 38

39. denies allegations contained in paragraph 36 of the Petition.

## RESPONDENT'S AFFIRMATIVE DEFENESES

40. The Hague Convention (hereinafter "Convention") places the initial burden on the Petitioner to establish a *prima facie* case by a *preponderance of the evidence* that: (1) a child has been removed or retained in violation of the petitioner's rights of custody; (2) the child was habitually resident of the foreign country alleged immediately prior to the removal; (3) the petitioner was actually exercising custody rights at the time of the wrongful removal; and also (4) the minor child must meet the age requirements set forth by the Convention.[1]

41. As an exception to the above, however, and even in cases where a petitioner can meet his/her initial burden of demonstrating a *prima facie* case for wrongful removal or retention under meaning of the Convention, the return of the minor child to the county of habitual residence may be defeated by a Respondent proving application of an affirmative defense, as so provided for, and articulated within, the language of the Convention itself.[2]

42. Pursuant to Articles 12, 13 and 20 of the Convention, it is an affirmative defense to wrongful removal that: *There is a grave risk that the child's return would expose the child*

---

[1] *See* Hague Convention, Arts. 3, 4; 42 U.S.C. § 11603(e)(1)(A)&(B).
[2] *See* Hague Convention, Arts. 12, 13; 42 U.S.C. § 11601(a)(4); 42 U.S.C. § 11603(e)(2)(B).

*to physical or psychological harm or otherwise place the child in an intolerable situation;* OR *The return would violate the fundamental principles of human rights and fundamental freedoms in the country where the child is being held*; OR *The party seeking return was not actually exercising rights of custody at the time of the wrongful removal or retention.*

43. Such affirmative defenses set forth in Paragraph 42 above, pursuant to Articles 12 and 13 of the Convention, only require a respondent who opposes return of the minor child to demonstrate the exception by a *preponderance of the evidence*.[3]

44. Further affirmative defenses exist under Article 13(b) and Article 20 of the Convention where "*there is a grave risk of physical or psychological harm or otherwise would place the child in an intolerable situation*"; or where the return of the child "*would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms.*"[4]

45. In the present case, Petitioner asserts that *"on July 25, 2020, Respondent took P.D.A. from their home in Ukraine to the United States."*[5]

46. In present case, Petitioner was not actually exercising his parental rights. He failed to pay child support and did not provide any meaningful time with the child. Under Ukrainian Law Zoriana received legal custody of the child.

47. There is no question that there is an ongoing war in Ukraine and specifically in Ternopil. There is a grave result that the return of the child to Ukraine would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation

---

[3] *See* Hague Convention, Arts. 12, 13; 42 U.S.C. § 11603(e)(2)(B).
[4] *See* Hague Convention, Arts. 13(b), 20; 42 U.S.C. § 11603(e)(2)(B).
[5] *See* Paragraph 17 of the Petitioner's Verified Petition for Return of Child and Issuance of Show Cause Order.

48. Furthermore, the return would violate the fundamental principles of human rights and fundamental freedoms in the country where the child is being held**;**

49. At the present time, as well as at the time of the filing of the Petition, the minor child was already extremely well settled in his new environment in Illinois.

50. The minor child resides with her Mother – Zoriana and her maternal grandparents. She is enrolled and doing well at school. She is also enrolled in many extracurricular activities. She attends Ukrainian Church and is raised in cultural traditions.

51. At all times relevant herein, Petitioner has been well informed of Respondent's location, intentions, and was also provided updated contact information.

52. Given the above, it is clear that minor child has not been concealed from Petitioner, and quite to the contrary, *in fact*, Respondent has kept Petitioner well-informed and in connection to the minor child,

**WHEREFORE**, Respondent, ZORIANA KALUSH, respectfully requests that this Honorable Court enter orders as follows:

A. Denying Petitioner's requests for relief

B. Making Petitioner responsible for all legal fees and costs incurred in relation to this action, pursuant to 22 U.SC. §9007;

C. Granting Respondent the right to maintain the residence of the minor child. within the United States, subject to any further proceedings and/or written agreement of the parties; and

D. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

 

_____
Fedor Kozlov, Esq.
One of Respondent's Attorney's

**Prepared by:**
**The Law Offices of Fedor Kozlov, P.C.**
1990 E Algonquin Rd, Ste. 100
Schaumburg, Illinois 60173
Telephone: 847-241-1299 | Email: fedor@nslslaw.com
ARDC: 6301810